UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSICA ZUK** | : |
| 2020 12th Street, NW, Apt. 811 | |
| Washington, DC 20009 | : |
| | : |
|     **Plaintiff,** | : |
| | : |
|     v. | : |
| | : |
| **WASHINGTON METROPOLITAN AREA** | :  Case No. _____ |
| **TRANSIT AUTHORITY (a/k/a "WMATA")** | |
| 600 Fifth Street NW | : |
| Washington, DC 20001 | |
| | : |
| Serve:   Patricia Y. Lee, Esquire | |
|           General Counsel's Office | : |
|           WMATA | |
|           600 Fifth Street NW | : |
|           Washington, DC 20001 | |
| | : |
|     **Defendant.** | |

## COMPLAINT

Plaintiff, Jessica Zuk, by and through her attorneys, Christopher J. Regan and the law firm of Regan Zambri Long PLLC, hereby files this Complaint and moves for judgment against Defendant Washington Metropolitan Area Transit Authority ("WMATA") on the grounds and for the amount set forth below.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code Ann. § 9-1107.10.

2. Venue in this Court is proper as the negligent acts and/or omissions committed by Defendant occurred in the District of Columbia, and the death of the decedent occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Jessica Zuk, is an adult resident of the District of Columbia.

4. Defendant, Washington Metropolitan Area Transit Authority ("WMATA"), is the owner and operator of the Metrobus system in the District of Columbia.

5. WMATA was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq.*, which was signed by the District of Columbia, Maryland, and Virginia.

6. By the terms of the WMATA Compact that created it, WMATA is liable for its negligent acts and/or omissions and those of its directors, officers, employees, and agents committed in the conduct of any proprietary function. D.C. Code § 9-1107.01(80).

7. The provision of mass transportation is a proprietary function within the meaning of the WMATA Compact.

8. Defendant WMATA is vicariously liable for the tortious acts and/or omissions committed by its Metrobus operator on April 24, 2022, which directly and proximately caused serious and permanent injuries to Ms. Zuk as described herein.

## FACTS

9. April 24, 2022, was a clear and sunny spring day.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

10. At approximately 12:45 pm on April 24, 2022, the operator of Metrobus #4488, driving Route 90, was driving eastbound on U Street, NW.

11. Metrobus #4488 came to a stop at a red light at U Street's intersection with 14th Street, NW.

12. As Metrobus #4488 sat at the red light, a young woman riding her bicycle eastbound on U Street, Ms. Zuk, pulled up to the intersection and stopped at the red light in compliance with District of Columbia traffic laws.

13. Ms. Zuk was wearing a bright yellow backpack.

14. While Ms. Zuk remained stopped at the red light, she was plainly visible to the operator of Metrobus #4488 for fully 30 seconds, as shown by Defendant WMATA's own bus dashcam:



Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

15. When the light turned green, Ms. Zuk began to pedal through the intersection.

16. Metrobus #4488 began to accelerate through the intersection, as well.

17. As Ms. Zuk cleared the intersection, Metrobus #4488 caught up to her, then accelerated alongside her, sweeping past her without leaving any space between parked cars and the side of the bus:



18. The side of Metrobus #4488 hit Ms. Zuk's left arm and handlebar; she struggled to stay upright as the handlebar repeatedly bounced off the side of the bus, then was knocked to the street surface.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

19. After passengers screamed, the operator of Metrobus #4488 brought the bus to a stop.

20. As a direct result of the collision, Ms. Zuk suffered serious injuries, including a sprain, fracture, and torn ligaments of the left wrist and a concussion, which have left her with permanent pain, physical limitations, and other symptoms.

21. As a further direct result of being struck by Metrobus #4488, Ms. Zuk has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to suffer, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT I
### (Negligence)

22. Plaintiff incorporates the foregoing paragraphs by reference and further alleges that at all times relevant herein, the operator of Metrobus #4488 owed a duty to Plaintiff and the other users of the public road to operate the Metrobus in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in effect.

23. The operator of Metrobus #4488 breached this duty of care owed to Plaintiff and was negligent in some or all of the following ways:

    a. by not maintaining a proper lookout;
    b. by not maintaining proper control of the Metrobus;
    c. by not paying full time and attention to the operation of the Metrobus;
    d. by not passing a cyclist at a safe distance;
    e. by not passing a cyclist at a distance of 3+ feet; and

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

   f. by otherwise not operating the Metrobus with the degree of skill and care required under the circumstances.

24. In breaching this duty, the operator of Metrobus #4488 violated road-safety statutes and regulations that were in full force and effect in the District of Columbia at the time, including without limitation 18 DCMR 2202.10: "A person driving a motor vehicle shall exercise due care by leaving a safe distance, but in no case less than 3 feet, when overtaking and passing a bicycle."

25. Because the operator of Metrobus #4488 was acting within the course and scope of his/her employment for Defendant WMATA at the time he/she struck Ms. Zuk with the Metrobus, Defendant WMATA is vicariously liable for his/her negligence.

WHEREFORE, Plaintiff, Jessica Zuk, demands judgment against Defendant, Washington Metropolitan Area Transit Authority, in the full and just amount of Five Hundred Thousand dollars ($500,000.00), plus interest and costs.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all of the above claims.

        Respectfully submitted,

        REGAN ZAMBRI LONG PLLC

        By: */s/ **Christopher J. Regan***
           Christopher J. Regan #1018148
           cregan@reganfirm.com
           1919 M Street, NW, Suite 350
           Washington, DC  20036
           P<small>H</small>:  (202) 463-3030
           F<small>X</small>:  (202) 463-0667
           *Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030