# 1 Civil Jury Instructions for DC § 5.04

*Standardized Civil Jury Instructions for the District of Columbia  >  CHAPTER 5 NEGLIGENCE*

## § 5.04 RIGHT TO ASSUME PROPER CONDUCT BY OTHERS

[1]  Instruction 5-4

**Right to Assume Proper Conduct by Others (D.C. Std. Civ. Jury Instr. No. 5-4)**
**A person ordinarily has the right to assume that other people will exercise ordinary care [and obey the law]. A person also ordinarily has the right to assume that other people have normal abilities, intelligence, sight, and hearing.**
**A person does not have the right to assume that another person will exercise ordinary care if the person observes, or should reasonably have observed, that the other person either lacks one or more of the normal senses [or abilities], or is not going to act reasonably [or obey the law].**

> **Authorities and Commentary**
>
> *Predecessor:*   Civil Jury Instruction No. 5-5 (2014).
>
> *Statutes:*   (None.)
>
> *Cases:*   *Stager v. Schneider, 494 A.2d 1307, 1311 (D.C. 1985)*; *Safeway Stores, Inc. v. Feeney, 163 A.2d 624, 627 (D.C. 1960)*.

1.  Comment

This Instruction states the general right to assume the lawful and reasonable conduct of others unless the circumstances indicate otherwise. The D.C. Court of Appeals adopts this rule [*Stager v. Schneider, 494 A.2d 1307, 1311 (D.C. 1985)* (general rule that party not bound to anticipate negligent conduct of others; may assume others will fulfill their duties); *Safeway Stores, Inc. v. Feeney, 163 A.2d 624, 627 (D.C. 1960)* (right to assume others will do their legal duties; one need not anticipate others' negligence; but contributory negligence to ignore reasonably known negligence of others); *see also* *McKethean v. Washington Metro. Area Trans. Auth., 588 A.2d 708, 717 (D.C. 1991)* ("any kind of criminal conduct is deemed extraordinary; 'under ordinary circumstances it may be reasonably assumed that no one will violate the criminal law' ") (*citing* Restatement (Second) of Torts § 302B cmt d (1965))].

The Instruction's reference to the right to assume another party will "obey the law" is placed in brackets as an option. The Committee suggests there might be cases where a "law," i.e., a statute or regulation, does not apply, but where the question is only of reasonable conduct. In such cases, counsel or the court might find this Instruction's reference to "the law" to be prejudicial or irrelevant. In addition, to demonstrate that a person is on notice that an individual will break the law requires satisfying a heightened standard of foreseeability [*see, e.g., Lacy v. Dist. of Columbia, 424 A.2d 317, 323 (D.C. 1980)* ("[B]ecause of the extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown")].

It is presumptively reasonable for a general contractor to rely on its subcontractors to do their duties [*Harbor Ins. Co. v. Schnabel Foundation Co., Inc., 946 F.2d 930, 937, 292 U.S. App. D.C. 56 (1991)*]. In *Bell v. Jones, 523*

1 Civil Jury Instructions for DC § 5.04

*A.2d 982, 997*–998 (D.C. 1986), an architect was held not contributorily negligent as a matter of law for relying on a hired surveyor's certificate of his work product because the architect could reasonably expect the surveyor to fulfill his duties.

The Restatement position accords with this Instruction [*see* Restatement (Second) of Torts § 290 cmt. n (1965) (person may usually assume others will not act wrongfully); *id.*, § 289(a) (reasonable person required to reasonably use faculties to recognize risk of harm)].

Both Maryland and Virginia also follow this Instruction's general rule [*see Litchford v. Hancock, 352 S.E.2d 335, 336*–337 (Va. 1987) (motorists' rights and duties); *Scott v. City of Lynchburg, 399 S.E.2d 809, 810 (Va. 1991)* (contributory negligence as a matter of law to trip over known condition or defect); *Williamson Truck Lines, Inc. v. Benjamin, 222 A.2d 375, 383 (Md. 1966)* (motorists' rights and duties); *Lehman v. Baltimore Transit Co., 177 A.2d 855, 858*–859 (Md. 1962) (must exercise reasonable care in using senses); *Sanders v. Williams, 120 A.2d 397, 398*–399 (Md. 1956) (substantially supports this whole jury instruction)].

Contrary authorities contend that there is no right to assume reasonable or lawful conduct of others under some circumstances [*see e.g.*, *Ackley v. Chicago Northwestern Transp. Co., 820 F.2d 263, 266*–268 (8th Cir. 1987) (improper to give "right to assume proper conduct" instruction in case arising under Federal Employers' Liability Act, which runs in derogation of the common law); *Kimbler v. Stillwell, 734 P.2d 1344, 1347 (Or. 1987)* (en banc), *overruled on other grounds*, Buchler v. State by and through *Oregon Corrections Div., 853 P.2d 798, 804–808 (Or. 1993)* (the "right to assume proper conduct" is merely "a truism" subject to analysis of reasonable conduct under the circumstances)].

To avoid confusing the jury, references to ordinary physical abilities should be withheld from this Instruction where there is no assertion of any disability or abnormal sight, hearing, or intelligence.

> **Further Reference**
>
> ***Other References:*** Graham Douthwaite & Ronald W. Eades, *Jury Instructions in Automobile Negligence Actions sections* 1-13, 1-14 (2d ed. 1991); W. Keeton, et al., *Prosser & Keeton on the Law of Torts* ch. 5 § 33, at 197–199 (5th ed. 1984). *See generally* 3 F. Harper, F. James & O. Gray, *The Law of Torts* § 16.12 (2d ed. 1986).

Civil Jury Instructions for DC
Copyright 2018, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

**End of Document**