UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSICA ZUK,

                Plaintiff,

   v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

                Defendant.

Case No. 23-cv-294 (JMC)

## MEMORANDUM OPINION & ORDER

Plaintiff Jessica Zuk sued Defendant Washington Metropolitan Area Transit Authority (WMATA) for negligence, alleging that a Metrobus collided with her as she cycled down U Street. *See* ECF 1.[1] WMATA filed an answer and the case proceeded to discovery. *See* ECF 3; ECF 5. WMATA now moves for summary judgment, arguing that Zuk was contributorily negligent and "[n]o reasonable juror could find that WMATA was more than 51% responsible for this accident as a matter of law." ECF 15-1 at 1–2. In the alternative, WMATA asks the Court to enter partial summary judgment in its favor, "establishing Ms. Zuk's contributory negligence as a matter of law, with the allocation of fault percentage to be determined by the factfinder." *Id.* at 2. Because genuine disputes of material fact preclude this Court from finding Zuk was negligent at all—never mind whether she was primarily at fault for the collision—the Court will **DENY** WMATA's motion for summary judgment.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

**I.     LEGAL STANDARD**

The Court will grant a motion for summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party and the court must draw all reasonable inferences" in that party's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

**II.    ANALYSIS**

"Ordinarily, questions of negligence and contributory negligence must be decided by the trier of fact." *Whiteru v. Wash. Metro. Area Transit Auth.*, 25 F.4th 1053, 1058 (D.C. Cir. 2022) (quoting *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C. 1997)). "The court can determine the issue of contributory negligence as a matter of law '[i]n certain cases . . . where the facts are undisputed, and conceding every legitimate inference, only one conclusion may be drawn.'" *Id.* (quoting *Blake v. Securitas Sec. Servs., Inc.*, 962 F. Supp. 2d 141, 146 (D.D.C. 2013)). Under District of Columbia law, when a plaintiff cyclist is involved in a collision with a motor vehicle, her negligence does not bar recovery "[u]nless the plaintiff's negligence is a proximate cause of the plaintiff's injury and greater than the aggregated total negligence of all the defendants that proximately caused the plaintiff's injury." D.C. Code § 50–2204.52(a)(1). In other words, "[a]s long as a plaintiff is 50% or less at fault, she can now recover something in damages." *Moore v. United States*, 318 F. Supp. 3d 188, 191 (D.D.C. 2018).

WMATA's position is that Zuk was negligent *per se* because she violated three D.C. traffic regulations in the lead-up to the collision. *See* ECF 15-1 at 6–7. Violating a regulation may

2

constitute negligence *per se* "if the statute is meant to promote safety, if the plaintiff is a member of the class to be protected by the statute, and if the defendant is a person upon whom the statute imposes specific duties." *Night & Day Mgmt., LLC v. Butler*, 101 A.3d 1033, 1039 (D.C. 2014) (quoting *Ginsberg v. Granados*, 963 A.2d 1134, 1140 (D.C. 2009)). WMATA also argues that Zuk was contributorily negligent because she was "using a phone [and] wearing AirPods" while cycling. *See* ECF 17 at 10. But, as the Court explains below, each of WMATA's arguments raises genuine disputes of material fact that preclude summary judgment.[2]

First, under District law, a cyclist "may overtake and pass another vehicle only under conditions which permit the movement to be made with safety," and "may overtake and pass other vehicles on the left or right side, staying in the same lane as the overtaken vehicle, or changing to a different lane, or riding off the roadway, as necessary to pass with safety." D.C. Mun. Regs. tit. 18, § 1201.3. WMATA argues that Zuk violated this regulation by "maneuvering her bicycle out of her lane and then re-entering it while it was occupied by a moving Metrobus . . . unlawfully attempt[ing] to pass between the bus and parked cars" and instead colliding with the bus. ECF 15-1 at 6, 8. WMATA relies on its own video footage of the collision to support this argument. *See* ECF 15-2 ¶¶ 6–11. But a reasonable juror watching the same video could find, as a factual matter, that it was the Metrobus that overtook and passed Zuk, not Zuk who overtook and passed the bus. The video shows Zuk cycling in front of the Metrobus, in clear view of the driver. 4488_01_FF_Forward Facing_L at 12:42:40–12:43:20.[3] The bus seems to speed up in an apparent attempt to pass Zuk as she and the bus both clear the intersection and approach the crosswalk on

---

[2] WMATA raises various objections to Zuk's evidence. *See* ECF 17 at 1–9. The Court need not address those arguments because it has resolved this motion (and identified material factual disputes) without relying on the evidence WMATA objects to. WMATA also appears to raise a *Daubert* challenge to Plaintiff's expert witness in its reply. The Court need not reach that issue today because, again, the Court did not rely on Plaintiff's expert report in resolving the summary judgment motion. To the extent WMATA seeks to challenge Plaintiff's reliance on her expert at trial, WMATA will need to file a motion to exclude that testimony in accordance with the Court's pretrial schedule.
[3] All citations to videos are to WMATA's Exhibit 1. *See* ECF 15-3; ECF 15-4.

3

the other side. *Id.* at 12:43:18–12:43:21. At one point, the bus seems to be passing Zuk while her front wheel is in the right-hand lane—suggesting that it was the Metrobus that tried to overtake Zuk while they were in the same lane, not the other way around. *See* 4488_03_FD_Front Door_L at 12:43:21. Because a reasonable juror could watch WMATA's videos of the collision and conclude that it was the Metrobus that overtook and passed Zuk, it is not clear whether the traffic regulation WMATA relies on is the right fit here. *See* D.C. Mun. Regs. tit. 18, § 1201.3.

Second, D.C. law provides that "[n]o person operating a bicycle . . . shall ride into the path of a vehicle that is so close that it is not possible for the driver to yield." D.C. Mun. Regs. tit. 18, § 1201.13. For the same reasons described above, it is not clear whether Zuk rode into the Metrobus's path, or the bus rode into her path. *See* 4488_01_FF_Forward Facing_L at 12:43:18–12:43:21; 4488_03_FD_Front Door_L at 12:43:20–12:43:21. And even if this regulation does apply to Zuk, it is unclear whether it was "possible for the [bus] driver to yield." D.C. Mun. Regs. tit. 18, § 1201.13. WMATA provides an expert declaration stating that, "[b]ased on the perception response times applicable to this accident and the time to impact being 1.53 to 1.6 seconds, Mr. Morgan – [WMATA's Metrobus operator] – would not have been able to avoid impact." ECF 15-6 at 1. But, as Zuk points out, WMATA's own video of the collision suggests otherwise; Zuk was in front of the bus and fully in view of the driver for nearly a minute, *see* 4488_01_FF_Forward Facing_L at 12:42:40–12:43:20, and arguably appeared to be heading in the same direction as the bus—straight through the intersection, *see id*. A reasonable juror viewing the video could find that there was ample time for the bus to yield by merely following behind Zuk. That is a genuine dispute of material fact that precludes summary judgment. The Court cannot enter summary judgment for WMATA on this ground.

Third, under District law, where a road is divided into two or more "clearly marked" traffic lanes, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that such movement can be made with safety." D.C. Mun. Regs. tit. 18, § 2201.6(a). This regulation applies to motor vehicle operators, but WMATA argues that it applies to Zuk because "in the absence of a specific regulation pertaining to a bicyclist in the District of Columbia, a bicyclist has the same duties as a motor vehicle operator." ECF 15-1 at 6; *see* D.C. Mun. Regs. tit. 18, § 1201.1. But even assuming for purposes of this motion that the regulation applies to Zuk, WMATA is still not entitled to summary judgment. Although WMATA cites the regulation, it makes no attempt to explain how Zuk violated it. *See* ECF 15-1 at 6–7. Of particular concern, WMATA points to no evidence in the record about whether it was "practicable" for Zuk to ride "entirely within a single lane." *See id.*; *see also* D.C. Mun. Regs. tit. 18, § 1201.1. The moving party always bears the burden of "informing the district court of the basis for its motion[,] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Grimes v. District of Columbia*, 794 F.3d 83, 93–94 (D.C. Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). WMATA has not discharged that burden here.

Finally, the Court addresses the issue of Zuk's cell phone and AirPod earbuds. WMATA initially argued that Zuk was negligent *per se* because she was holding her cell phone and wearing AirPods at the time of the collision, in violation of D.C. Code § 50-1731.04(c). *See* ECF 15-1 at 7. In its reply, WMATA concedes that Section 50-1731.04(c) does not apply to cyclists and therefore withdraws its negligence *per se* argument. *See* ECF 17 at 10. WMATA instead argues that, setting the regulation aside, "using a phone or wearing AirPods while cycling is unquestionably unsafe,"

5

and Zuk's "failure to avoid distractions and remain fully attentive while cycling constitutes contributory negligence as a matter of law." *Id.*

WMATA is not entitled to summary judgment on this ground. As a factual matter, WMATA points to no evidence that Zuk was using her cell phone at the time of the collision— only that she was holding the cell phone. *See* ECF 15-1 at 7. WMATA points to Zuk's testimony that she had used her phone earlier in her trip, *see* ECF 17 at 10—but it is unclear how that bears on the question of whether Zuk was contributorily negligent in the narrow window of time before and during the collision. Furthermore, Zuk testified that although she was wearing AirPods at the time of the collision, she was not using them. *See* ECF 16-13 at 3. WMATA cites no authority for the proposition that holding a cell phone and wearing earbuds while cycling is negligent as a matter of law. *See* ECF 17 at 10. To the contrary, the D.C. Court of Appeals has explained that even if a driver was talking on the phone at the moment of collision (which Zuk was not), that fact alone "would not establish negligence as a matter of law." *King v. Pagliaro Bros. Stone Co.*, 703 A.2d 1232, 1235 (D.C. 1997).

In sum, this is not the rare negligence case "where the facts are undisputed, and conceding every legitimate inference, only one conclusion may be drawn." *Whiteru*, 25 F.4th at 1058 (quoting *Blake*, 962 F. Supp. 2d at 146). An examination of WMATA's own evidence reveals numerous factual disputes that must be decided by the trier of fact, not by this Court on a motion for summary judgment. On this record, the Court cannot find, as matter of law, that Zuk was negligent—and it certainly cannot find that she was 51% or more at fault for the collision.

\*   \*   \*

For the foregoing reasons, WMATA's motion for summary judgment, ECF 15, is **DENIED**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: February 25, 2025